# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 95-96(1) (DWF/FLN) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Martin Robert Czeck, | |
| Defendant. | |

The above-entitled matter is before the Court on Defendant's *pro se* motion to amend his Presentence Report approximately 16 years after he was sentenced. The Government opposes Defendant's motion.

Based upon the presentations of the parties; the Court having reviewed the contents of the file and, more importantly, the substantial procedural history of the file, both at the trial level and the appellate level; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant's motion to amend the Presentence Report prepared for the sentencing that occurred on June 21, 1996 (Doc. No. [132]), is respectfully **DENIED**.

2. The attached memorandum is made a part hereof.

Dated: March 1, 2012     s/Donovan W. Frank
                          DONOVAN W. FRANK
                          United States District Judge

**MEMORANDUM**

On June 21, 1996, the Honorable James M. Rosenbaum sentenced Defendant to 360 months imprisonment. (Doc. No. 59.)

The Court will not outline the procedural appellate history of this case. However, the United States, in their responsive memorandum, has accurately set forth the numerous appeals that have been filed and the decisions reached since 1996. (Doc. No. 135.)

Now before the Court, approximately 16 years after the imposition of the sentence referenced above of 360 months, the Defendant has filed a motion requesting the Court to amend the Presentence Report to reflect the vacation of four state court convictions that originated in 1992 and were vacated in 2004 and 2005.

The Court finds and concludes that Rule 32 of the Federal Rules of Criminal Procedure does not confer jurisdiction on this Court to correct or amend a Presentence Report following the imposition of a sentence. Moreover, even if the Court would conclude that it had inherent power to do as requested by the Defendant, the Court would respectfully decline to do so. The Court is unaware of any federal case law, policy directives, or rules of procedure that would permit the Court to do so.

Admittedly, Rule 32 of the Federal Rules of Criminal Procedures provides a mechanism for parties to object to or correct information contained in a Presentence Report. However, the rules are equally clear that the Court lacks jurisdiction to correct or amend a Presentence Report after entry of judgment, even assuming it was not nearly 16 years after the fact. *United States v. O'Connor*, 65 F.3d 170 (Table), 1995 WL 516396, at *1 (7th Cir. Aug. 25, 1995) (citing multiple cases); *United States v. Moore*, 56 Fed. Appx. 299, 300, 2003 WL 548968 (8th Cir. Feb. 27, 2003) (per curiam) (unpublished) (affirming district court's ruling that it lacked jurisdiction under Rule 32 to correct PSR after sentencing). The Court is not aware of any authority that provides that Rule 32 gives jurisdiction to a district court judge to correct or amend a Presentence Report following the imposition of a sentence.

Additionally, Rule 35 of the Federal Rules of Criminal Procedure also permits a motion to be filed to correct the content of a Presentence Report. Significantly, however, a Presentence Report correction, pursuant to Rule 35, is strictly limited to any illegal or illegally-imposed sentence. *United States v. O'Connor* at 1. Even then, such a motion must be brought within 120 days of the last order which imposed a sentence. Consequently, the Court concludes that Rule 35 is inapplicable to the situation before the Court as it relates to the Defendant's motion.

Finally, Rule 36 of the Federal Rules of Criminal Procedure does permit the District Court to make corrections "at any time," but those corrections must relate to correcting clerical errors or errors in the record arising from oversight or omission." Rule 36, Fed. R. Crim. P. *See United States v. Yakle*, 463 F.3d 810 811 (8th Cir. 2006

(per curiam). The situation before the Court requested by the Defendant is not a clerical error or an error arising from an oversight or omission.

The Court must observe that even if the Court had jurisdiction to do what the Defendant has asked, it would be binding on no one, and it would not have any legal significance because the Presentence Report is not available to the public and is not the best evidence of a person's record. Moreover, even if the change was made and it was made available to the public, it is not legally binding in any manner given the fact that the sentence has not only already been imposed and affirmed, but was only binding and determinative on the trial judge that imposed the sentence which was approximately 16 years ago.

For the reasons stated and because the interests of justice do not otherwise require the Court to do so, even if it had jurisdiction to consider a post-sentencing amendment to the Defendant's Presentence Report, the Court has respectfully denied Defendant's motion.

D.W.F.